IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 21-cv-00833-PAB-STV

TREVION MCKENZIE,

    Plaintiff,

v.

THE CITY AND COUNTY OF DENVER,
CHIEF OF POLICE PAUL PAZEN,
OFFICER CHRISTIAN- P15056,
OFFICER CARMODY- P14064,
DETECTIVE BAUGHMAN,
OFFICER BISHOP- P14067,
OFFICER JOSSI- P07059,
DENVER HEALTH MEDICAL CENTER,
DR. CHRISTOPHER ERLEY,
DR. RUTH K. FOSS, and
SERGEANT JESSI CAMPION #08001,

    Defendants.

## ORDER

This matter comes before the Court on the Recommendation of United States Magistrate Judge [Docket No. 250]. Plaintiff TreVion McKenzie objects to the recommendation. Docket No. 252.

**I. BACKGROUND**

The following facts are set forth in Magistrate Judge Scott T. Varholak's recommendation, Docket No. 250 at 3-6, and are not objected to.

Mr. McKenzie was arrested in Denver on December 16, 2020. *Id.* at 3. Mr. McKenzie was not resisting arrest and was unarmed, but officers restrained him with his

right arm behind his back in the "hog-tie" position. *Id.* Officer Jonathan Christian repeatedly struck Mr. McKenzie on the left side of his face with his knuckles and shoved his face into the gravel, injuring Mr. McKenzie's left eye socket. *Id.* Officer Clyde Carmody hit Mr. McKenzie in the area of his left eye with his knuckles. *Id.* Detective Matthew Baughman pressed his knee into Mr. McKenzie's upper back and neck area, restricting his breathing, while holding Mr. McKenzie's right hand behind his back. *Id.* at 4. Detective Baughman kneed Mr. McKenzie in the back-left side of his head multiple times. *Id.* Officer Carmody and another unidentified officer held Mr. McKenzie's legs and Officer Blake Bishop pointed an "assault rifle" at Mr. McKenzie while the other officers struck him. *Id.* Mr. McKenzie was scared for his life and believed that the officers would either beat him to death or shoot him while he was restrained. *Id.* The officers searched Mr. McKenzie three times, but found no drugs or weapons. *Id.* Mr. McKenzie alleges that the officers were following the policy, custom, practice, or procedure of City and County of Denver ("Denver") of using excessive force on arrestees and that Denver has failed to appropriately discipline the officers involved in Mr. McKenzie's arrest. *Id.*

Mr. McKenzie requested medical attention and was taken in an ambulance to Denver Health Medical Center ("Denver Health") for the injuries he sustained during his arrest. *Id.* Dr. Christopher Erley performed an "intake" on Mr. McKenzie at the hospital, and Dr. Erley and Dr. Ruth K. Foss disclosed Mr. McKenzie's medical history and drug habits to law enforcement officers. *Id.* at 4-5. Officer Heather Jossi and Officer Christian ordered Denver Health staff to search Mr. McKenzie's anal cavity for drugs. *Id.* at 5. Mr. McKenzie refused Dr. Erley's request to perform a rectal exam, and he

does not allege that a rectal exam was performed.  *Id.*  X-rays were performed on Mr. McKenzie's face and right wrist, which revealed that he had suffered an "orbital floor (blow-out) open fracture" to his left eye socket.  *Id.*  Unbeknownst to Mr. McKenzie at the time, Dr. Erley also performed a pelvic x-ray on Mr. McKenzie on Dr. Foss's orders for "Clinical Indication: Question of insertion of Drugs in Rectum."  *Id.*  Mr. McKenzie alleges that Denver and Denver Health have a policy, procedure, regulation, custom, or practice that gives law enforcement agencies the authority to compel Denver Health medical staff to perform unlawful medical procedures on arrestees and that Dr. Erley, Dr. Foss, Officer Jossi, and Officer Christian acted pursuant to this policy.  *Id.*  Mr. McKenzie also alleges that it is Denver's practice to subject arrestees to body cavity searches at hospitals when the arrestees have complained about injuries resulting from excessive force by police during arrest.  *Id.* at 6.

Mr. McKenzie brings thirteen claims against eleven defendants:

- **Claim one:** excessive force in violation of the Fourth Amendment, asserted against Denver, Officer Christian, Officer Carmody, Detective Baughman, and Officer Bishop.  Docket No. 186 at 10-15, ¶¶ 1-32.

- **Claim two:** unauthorized body cavity search in violation of the Fourth and Eighth Amendments, the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), 42 U.S.C. § 1320d-6, and 42 C.F.R. part 2, and "other statutory/procedural rights," asserted against Denver, Denver Health, Officer Christian, Officer Jossi, Dr. Erley, and Dr. Foss.  *Id.* at 15-23, ¶¶ 33-83.

- **Claim three:** deliberate indifference to policy/customs/procedures/practices: failure to act in violation of the Eighth and Fourteenth Amendments, asserted

3

against Denver, Police Sergeant Jessi Campion,[1] and Police Chief Paul Pazen. *Id.* at 24-28, ¶¶ 84-110.

- **Claim four:** deliberate indifference to policy/customs/procedures/practice/regulations and failure to train and supervise in violation of the First, Fourth, Fifth, Eighth, and Fourteenth Amendments, asserted against Denver and Denver Health. *Id.* at 28-33, ¶¶ 111-31.

- **Claim five:** Deliberate indifference to policy/customs/practice/procedure/regulations: failure to intervene and report in violation of the Eighth and Fourteenth Amendments, asserted against Denver, Officer Christian, Officer Carmody, Officer Jossi, Detective Baughman, and Officer Bishop. *Id.* at 33-36, ¶¶ 132-42.

- **Claim six:** malicious misuse of force in violation of the Eighth Amendment, asserted against Denver, Officer Christian, Officer Carmody, Detective Baughman, and Officer Bishop. *Id.* at 36, ¶¶ 143-45.

- **Claim seven:** First Amendment retaliation, asserted against Denver, Chief Pazen, Officer Christian, Officer Jossi, Denver Health, Dr. Foss, and Dr. Erley. *Id.* at 37-38, ¶¶ 146-50.

- **Claim eight:** conspiracy to commit procedural and constitutional violations in violation of 42 U.S.C. §§ 1985(2) and (3), asserted against Denver, Chief Pazen, Officer Christian, Sergeant Campion, Officer Carmody, Detective Baughman,

---

[1] Mr. McKenzie's complaint spells this defendant's name as "Jessi Campion" Docket No. 186 at 2, but defendant Campion's Motion to Dismiss spells it "Jesse Campion." Docket No. 204 at 1.

Officer Bishop, Officer Jossi, Denver Health, Dr. Foss, and Dr. Erley.  *Id.* at 38-39, ¶¶ 151-54.

- **Claim nine:** Assault and battery, asserted against Officer Christian, Officer Carmody, Detective Baughman, and Officer Bishop.  *Id.* at 39, ¶¶ 155-57.

- **Claim ten:** Technical assault and battery, asserted against Dr. Foss and Dr. Erley.  *Id.* at 39-40, ¶¶ 158-60.

- **Claim eleven:** Intentional infliction of emotional distress ("IIED"), asserted against Officer Christian, Officer Carmody, Detective Baughman, Officer Bishop, Officer Jossi, Dr. Foss, and Dr. Erley.  *Id.* at 40, ¶¶ 161-64.

- **Claim twelve:** Negligence, asserted against Denver, Chief Pazen, Officer Christian, Officer Carmody, Detective Baughman, Officer Bishop, Officer Jossi, and Sergeant Campion.  *Id.* at 40-41, ¶¶ 165-68.

- **Claim thirteen:** Medical negligence, asserted against Denver Health, Dr. Foss, and Dr. Erley.  *Id.* at 41, ¶¶ 169-72.

Mr. McKenzie's complaint states that his first, second, third, fourth, fifth, and seventh claims are *Monell* claims.  *Id.* at 10, 15, 24, 28, 33, 37.  All of the defendants filed motions to dismiss.  Docket Nos. 187, 188, 202, 203, 204, 205, 206, 207, 208, 229.

Judge Varholak's recommendation evaluates each of Mr. McKenzie's claims individually.  Docket No. 250.  He recommends that the Court dismiss Mr. McKenzie's third, fourth, sixth, seventh, eighth, twelfth, and thirteenth claims in their entirety.  *Id.* at 44-49, 55-63, 87-91.  Judge Varholak recommends that the Court dismiss Mr. McKenzie's first claim as it is alleged against Denver.  *Id.* at 24-26.  He recommends that the Court dismiss Mr. McKenzie's second claim as it is alleged against Denver and

5

Denver Health in its entirety and as it is alleged against Officer Christian, Officer Jossi, Dr. Erley, and Dr. Foss insofar as it is pled against them under the Eighth Amendment, HIPAA, and 42 C.F.R. Part 2. *Id.* at 27-39. Judge Varholak recommends that the Court dismiss Mr. McKenzie's fifth claim against all defendants as it is pled under the Eighth Amendment and insofar as it claims a failure to report and against Denver and Officer Jossi insofar as it claims a failure to intervene. *Id.* at 54-55. Judge Varholak recommends that the Court dismiss Mr. McKenzie's ninth, tenth, and eleventh claims as they are alleged against defendants in their official capacities. *Id.* at 69, 79-80, 87. Judge Varholak recommends that the Court dismiss Mr. McKenzie's ninth claim as it is alleged against Officer Bishop in his individual capacity for battery. *Id.* at 69. Finally, Judge Varholak recommends that the Court dismiss Mr. McKenzie's eleventh claim against Officer Carmody, Dr. Foss, and Dr. Erley in their individual capacities. *Id.* at 86-87.

Having reached these conclusions on each of Mr. McKenzie's claims, Judge Varholak recommends that the Court grant in full the motions to dismiss filed by Denver, Denver Health, Chief Pazen, and Sergeant Campion and grant in part the motions to dismiss filed by Officer Christian, Officer Jossi, Officer Carmody, Detective Baughman, Officer Bishop, Dr. Foss, and Dr. Erley. *Id.* at 91-93.

Mr. McKenzie raises four objections to Judge Varholak's recommendation. Docket No. 252. First, he argues that he will be able to verify his allegations concerning policies and customs attributable to Denver, Denver Health, Chief Pazen, and Sergeant Campion through the discovery process. *Id.* at 1, ¶ 2. Second, Mr. McKenzie argues that the actions and inactions described in his complaint establish personal involvement

6

by Denver, Chief Pazen, and Sergeant Campion in the violation of his constitutional rights. *Id.* Third, Mr. McKenzie objects to the recommendation that the Court dismiss his eleventh claim, for IIED, as alleged against Officer Carmody because the allegations in the complaint support an inference that Officer Carmody intended to cause Mr. McKenzie emotional distress and did cause tortious injury. *Id.* at 1-2, ¶ 3. Fourth, Mr. McKenzie objects to the dismissal of his claims pursuant to *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978), against Denver, Denver Health, and Chief Pazen because Judge Varholak found that Mr. McKenzie plausibly alleged that municipal employees violated his established constitutional rights. *Id.* at 2, ¶ 4.

## II. LEGAL STANDARD

The Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *Gordanier v. Montezuma Water Co.*, No. 08-cv-01849-PAB-MJW, 2010 WL 935665, at *1 (D. Colo. Mar. 11, 2010) ("Timely objections to magistrate judge recommendations are reviewed de novo pursuant to Rule 72(b), rather than under the clearly erroneous/contrary to law standard applied to magistrate judge orders by Rule 72(a)."). The Federal Rules of Civil Procedure permit a party to object to a magistrate judge's report and recommendation by filing "specific written objections" within fourteen days. Fed. R. Civ. P. 72(b)(2). Accordingly, objections must be both timely and specific to preserve an issue for de novo review. *United States v. One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). A specific objection "enables the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *Id*.

The Court reviews Mr. McKenzie's objections de novo. *See Gordanier*, 2010 WL 935665, at *1. Because Mr. McKenzie is proceeding *pro se*, the Court construes his objections and pleadings liberally without serving as his advocate, *see Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), and evaluates his arguments to the extent that they are responsive to the recommendation and sufficiently developed for the Court to understand them.

In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). The Court therefore reviews the non-objected to portions of the recommendation to confirm that there is "no clear error on the face of the record." Fed. R. Civ. P. 72(b), Advisory Committee Notes. This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review. Fed. R. Civ. P. 72(b).

## III. ANALYSIS

The Court will address each of Mr. McKenzie's four objections to Judge Varholak's recommendation in turn.

### A. Policies and Customs

Mr. McKenzie objects to Judge Varholak's recommendation that the Court grant the motions to dismiss filed by Denver, Denver Health, Chief Pazen, and Jessi Campion because "the Policies [and] Customs alleged by Mr. McKenzie in his complaint will be

8

verified through the discovery process." Docket No. 252 at 1, ¶ 2. Mr. McKenzie does not identify the policies and customs he believes will be verified in discovery or state which claims should not have been dismissed on this basis. *Id.* Therefore, the objection lacks specificity. *See 2121 E. 30th St.*, 73 F.3d at 1059.

Even if Mr. McKenzie's objection was sufficiently specific, the Court would still overrule it because a court should not consider whether allegations in the plaintiff's complaint could be verified during discovery when ruling on a motion to dismiss. *See Waller v. City and Cnty. of Denver,* 932 F.3d 1277, 1282 (10th Cir. 2019) (holding that a court may not consider evidence beyond the pleadings on a Rule 12(b)(6) with the "limited exception" of documents referred to in the complaint that are central to plaintiff's claim and whose authenticity is not disputed) (citation omitted); *see also Rocha v. CCCF Admin.*, 408 F. App'x 141, 144 (10th Cir. 2011) (unpublished) (holding that, at the motion to dismiss stage, "the district court was under no obligation to compel discovery and consider potential evidence" that might have been brought to light through discovery). Accordingly, the Court will overrule this objection.

### B. Personal Participation

The objection argues that "Paul Pazen [and] the City [and] County of Denver [and] Jessi Campion's actions and/or inaction described in Plaintiff's complaint . . . is essentially their personal involvement in violating Plaintiff's Constitutional Rights." Docket No. 252 at 1, ¶ 2. Mr. McKenzie does not identify which part of Judge Varholak's recommendation this objection applies to, which alleged actions or inactions constitute personal involvement by these defendants, or which constitutional violations Mr. McKenzie believes these defendants are liable for because of their personal

9

involvement.  *Id.*  Thus, this objection lacks specificity and will be overruled.  *See 2121 E. 30th St.*, 73 F.3d at 1059.

Furthermore, Judge Varholak does not recommend dismissal of any claim against Chief Pazen, Denver, or Sergeant Campion based on a finding that Mr. McKenzie did not sufficiently allege personal involvement in violating his constitutional rights.  Docket No. 250.  Mr. McKenzie's objection does not explain why a finding of personal participation would prevent dismissal in light of Judge Varholak's stated reasons for dismissing the claims against these defendants.  Docket No. 252.  Accordingly, this objection is neither specific nor responsive to the recommendation and will be overruled.

### C.  Intentional Infliction of Emotional Distress

Mr. McKenzie's complaint brings a claim for IIED against Officer Carmody on the basis that, while Mr. McKenzie was restrained on the ground, Officer Carmody "intentionally reaches around Officer Christian and maliciously hits the plaintiff in his left eye at least 1 time with Carmody's knuckles, intentionally causing serious bodily injury to the plaintiff."  Docket No. 186 at 11, ¶ 11.  The complaint alleges that Mr. McKenzie was scared for his life during the assault and believed that the officers would beat him to death or shoot him.  *Id.* at 12, ¶ 16.  Judge Varholak recommended that the Court dismiss Mr. McKenzie's IIED claim against Officer Carmody because the complaint "fails to allege that [Officer] Carmody committed any extreme and outrageous conduct beyond that underlying Plaintiff's claims for assault and battery, and because [Mr. McKenzie] does not make any non-conclusory allegations that [Officer] Carmody acted

10

recklessly or with the intent of causing [Mr. McKenzie] severe emotional distress." Docket No. 250 at 85.

To prevail on an IIED claim under Colorado law, a plaintiff must show that "(1) the defendant engaged in extreme and outrageous conduct; (2) recklessly or with the intent of causing the plaintiff severe emotional distress; (3) causing the plaintiff to suffer severe emotional distress."  *Han Ye Lee v. Colo. Times, Inc.*, 222 P.3d 957, 966-67 (Colo. App. 2009).  Judge Varholak found that Mr. McKenzie's complaint failed to state a claim for IIED because it did not contain plausible allegations as to the first two elements.  Docket No. 250 at 85.  Mr. McKenzie objects only to Judge Varholak's conclusion concerning the second element of his IIED claim, arguing that the allegations in the amended complaint support an inference that Officer Carmody intended to cause Mr. McKenzie emotional distress and caused tortious injury.[2]  Docket No. 252 at 1-2, ¶ 3.  However, even if Mr. McKenzie plausibly alleged the second element of his IIED claim, Judge Varholak's finding that Mr. McKenzie failed to allege the first element, which Mr. McKenzie does not challenge, is fatal to Mr. McKenzie's objection. Therefore, the Court will overrule the objection to this claim.

**D.  *Monell* Claims**

Mr. McKenzie objects to Judge Varholak's recommendation that the Court dismiss his *Monell* claims against Denver, Denver Health, and Chief Pazen because

---

[2] Whether a defendant caused the plaintiff tortious injury does not go to any of the elements of an IIED claim.  *See Han Ye Lee*, 222 P.3d at 966-67.  Accordingly, Mr. McKenzie's objection that he plausibly alleged that Officer Carmody caused him tortious injury is irrelevant to Judge Varholak's recommendation.  For this reason, the Court will consider only Mr. McKenzie's objection that he plausibly alleged that Officer Carmody intended to cause emotional distress.

Judge Varholak concluded that Mr. McKenzie plausibly alleged that these defendants' employees violated his well-established constitutional rights. *Id.* at 2, ¶ 4. The Court understands Mr. McKenzie's objection to argue that, for claims where Judge Varholak found that Mr. McKenzie plausibly alleged that municipal employees violated his constitutional rights, Judge Varholak should not have found that Mr. McKenzie failed to plausibly allege *Monell* liability.

Mr. McKenzie's complaint states that his first, second, third, fourth, fifth, and seventh claims are *Monell* claims. Docket No. 186 at 10, 15, 24, 28, 33, 37. Judge Varholak recommends dismissal of Mr. McKenzie's third and seventh *Monell* claims because Mr. McKenzie failed to plead that municipal employees committed the constitutional violations alleged in those claims. Docket No. 250 at 42-44, 59-61. Judge Varholak recommends dismissal of Mr. McKenzie's first, second, fourth, and fifth *Monell* claims because, although Mr. McKenzie plausibly alleged that municipal employees committed constitutional violations, he did not plausibly allege that the constitutional violations were caused by the policies or customs of Denver or Denver Health.[3] *Id.* at 26, 34, 38-39, 46-49, 55. Accordingly, Mr. McKenzie appears to be objecting to Judge Varholak's recommendation that the Court dismiss his first, second, fourth, and fifth *Monell* claims.

The Supreme Court held in *Monell*, 436 U.S. at 694, that a municipality may, in some circumstances, be held liable when its employees violate a plaintiff's constitutional rights. However, it is not enough for the plaintiff to show that a municipal employee has

---

[3] Chief Pazen is not named as a defendant in Mr. McKenzie's first, second, fourth, or fifth claims. Docket No. 186 at 10, 15, 28, 33.

12

violated his rights; he must show that it was the municipality's policy or custom that caused his injury. *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 403 (1997). If the plaintiff fails to allege that a policy or custom caused the constitutional violation, "the plaintiff will simply have shown that the *employee* acted culpably," which is not enough to sustain *Monell* liability. *Id.* at 406-07.

Mr. McKenzie does not challenge Judge Varholak's findings that Mr. McKenzie's complaint fails to identify policies or customs by Denver or Denver Health that caused Mr. McKenzie's injuries.[4] Docket No. 252. He merely raises a legal argument that Judge Varholak should not have recommended dismissal of his *Monell* claims because he found that Mr. McKenzie plausibly alleged that municipal employees violated his constitutional rights. However, as discussed above, the Supreme Court has held that a *Monell* claim may not proceed unless the plaintiff shows that a municipality's policy or custom caused the violation of his rights. Because Mr. McKenzie does not challenge Judge Varholak's finding that he failed to do so, the Court will overrule Mr. McKenzie's objection.

### E.  Non-objected to Portions of Recommendation

The Court has reviewed the non-objected to portions of the recommendation to satisfy itself that there is "no clear error on the face of the record." *See* Fed. R. Civ. P. 72(b), Advisory Committee Notes. Based on this review, the Court has concluded that

---

[4] As discussed above, Mr. McKenzie argues that such policies or customs "will be verified through the discovery process," but nowhere does the objection argue that his complaint adequately alleges the existence of policies or customs that caused his constitutional injuries. Docket No. 252.

13

the non-objected to portions of the recommendation are a correct application of the facts and the law.

Judge Varholak recommends dismissing Mr. McKenzie's second, third, fourth, fifth, and sixth claims insofar as they allege violations of the Eighth Amendment because Mr. McKenzie has not alleged that he was a prisoner undergoing punishment. Docket No. 250 at 26, 42, 50 n.15, 55-56.  Judge Varholak recommends dismissing Mr. McKenzie's second claim insofar as it alleges violations of HIPAA and his fifth claim insofar as it alleges a failure to report because there is no private right to action associated with these claims.  *Id.* at 26-27, 50.  Judge Varholak recommends dismissing Mr. McKenzie's second claim insofar as it alleges violations of "42 C.F.R. Part 2" because "42 C.F.R. Part 2" applies only to federally assisted alcohol and drug abuse programs.  *Id.* at 27.  Judge Varholak recommends dismissing Mr. McKenzie's ninth, tenth, eleventh, and twelfth claims against Denver and the individual defendants in their official capacity because the claims are barred by sovereign immunity.  *Id.* at 69-70, 80, 87-88.  Juge Varholak recommends dismissing Mr. McKenzie's thirteenth claim because his allegations support a claim for battery rather than medical negligence.  *Id.* at 89-90.  The Court will dismiss these claims with prejudice.

Judge Varholak recommends dismissing the following claims because Mr. McKenzie has not plausibly stated a claim for relief: claim three insofar as it alleges a violation of the Fourteenth Amendment; claim five insofar as it alleges a failure to intervene by Officer Jossi; claim seven; claim eight; claim nine insofar as it alleges battery against Officer Bishop in his personal capacity; claim eleven against Dr. Foss and Dr. Erley in their individual capacities; and claim twelve against defendants in their

14

individual capacities. *Id.* at 39-44, 54, 56-63, 69, 86-88. The Court will dismiss these claims without prejudice.

Judge Varholak recommends permitting Mr. McKenzie to proceed with the following claims: claim one; claim two insofar as it is alleged under the Fourth Amendment against Officer Christian, Officer Jossi, Dr. Erley, and Dr. Foss; claim five insofar as it alleges a failure to intervene in violation of the Fourteenth Amendment against Officer Christian, Officer Carmody, Detective Baughman, and Officer Bishop; claim nine against Officer Christian, Officer Carmody, and Detective Baughman in their individual capacities; claim nine insofar as it alleges assault against Officer Bishop in his individual capacity; claim ten against Dr. Erley and Dr. Foss in their individual capacities; and claim eleven against Officer Christian, Officer Jossi, Detective Baughman, Officer Bishop in their individual capacities. *Id.* at 20-24, 27-36, 51-53, 64-69, 80-81, 82-83, 85-86. The Court will not dismiss these claims.

## IV. CONCLUSION

Therefore, it is

**ORDERED** that Plaintiff's Objection to the Recommendation of United States Magistrate Judge (Doc. 250) [Docket No. 252] is **OVERRULED**. It is further

**ORDERED** that Recommendation of United States Magistrate Judge [Docket No. 250] is **ACCEPTED**. It is further

**ORDERED** that Dr. Ruth Foss' Motion to Dismiss [Docket No. 187] is **GRANTED in part** and **DENIED in part**.[5] It is further

---

[5] The Court will not dismiss the following claims against Dr. Foss: claim two as pled under the Fourth Amendment and claim ten against Dr. Foss in her individual capacity.

15

**ORDERED** that Denver Health Medical Center's Motion to Dismiss [Docket No. 188] is **GRANTED**.  It is further

**ORDERED** that Defendant Denver's Motion to Dismiss [Docket No. 202] is **GRANTED**.  It is further

**ORDERED** that Defendant Pazen's Motion to Dismiss [Docket No. 203] is **GRANTED**.  It is further

**ORDERED** that Defendant Campion's Motion to Dismiss [Docket No. 204] is **GRANTED**.  It is further

**ORDERED** that Defendant Christian's Motion to Dismiss Plaintiff's Amended Complaint in Part [Docket No. 205] is **GRANTED in part** and **DENIED in part**.[6]  It is further

**ORDERED** that Defendant Jossi's Motion to Dismiss [Docket No. 206] is **GRANTED in part** and **DENIED in part**.[7]   It is further

**ORDERED** that Defendant Carmody's Motion to Dismiss [Docket No. 207] is **GRANTED in part** and **DENIED in part**.[8]  It is further

---

[6] The Court will not dismiss the following claims against Officer Christian: claim one, claim two as pled under the Fourth Amendment, claim five as pled under the Fourteenth Amendment concerning failure to intervene, claim nine against Officer Christian in his individual capacity, and claim eleven against Officer Christian in his individual capacity.

[7] The Court will not dismiss the following claims against Officer Jossi: claim two as pled under the Fourth Amendment and claim eleven against Officer Jossi in her individual capacity.

[8] The Court will not dismiss the following claims against Officer Carmody: claim one, claim five insofar as it is pled under the Fourteenth Amendment concerning a failure to intervene, and claim nine against Officer Carmody in his individual capacity.

**ORDERED** that the Motion to Dismiss Plaintiff's Amended Complaint in Part by Defendants Baughman[9] and Bishop[10] [Docket No. 208] is **GRANTED in part** and **DENIED in part.**  It is further

**ORDERED** that Dr. Christopher Erley's Motion to Dismiss [Docket No. 229] is **GRANTED in part** and **DENIED in part**.[11]  It is further

**ORDERED** that Mr. McKenzie's second, third, fourth, fifth, and sixth claims, as asserted under the Eighth Amendment, are **DISMISSED with prejudice**.  It is further

**ORDERED** that Mr. McKenzie's second claim as asserted under 42 U.S.C. § 1320d-6 and "42 C.F.R. Part 2" is **DISMISSED with prejudice**.  It is further

**ORDERED** that Mr. McKenzie's fifth claim, insofar as it alleges a failure to report, is **DISMISSED with prejudice**.  It is further

**ORDERED** that Mr. McKenzie's ninth, tenth, eleventh, and twelfth claims as asserted against defendants in their official capacities are **DISMISSED with prejudice.**  It is further

**ORDERED** that Mr. McKenzie's thirteenth claim is **DISMISSED with prejudice**.  It is further

---

[9] The Court will not dismiss the following claims against Detective Baughman: claim one, claim five insofar as it is pled under the Fourteenth Amendment concerning a failure to intervene, claim nine against Detective Baughman in his individual capacity, and claim eleven against Detective Baughman in his individual capacity.

[10] The Court will not dismiss the following claims against Officer Bishop: claim one, claim five insofar as it is pled under the Fourteenth Amendment concerning a failure to intervene, claim nine insofar as it alleges assault against Officer Bishop in his individual capacity, and claim eleven against Officer Bishop in his individual capacity.

[11] The Court will not dismiss the following claims against Dr. Erley: claim two as pled under the Fourth Amendment and claim ten against Dr. Erley in his individual capacity.

**ORDERED** that Mr. McKenzie's seventh and eighth claims are **DISMISSED without prejudice**.  It is further

**ORDERED** that Mr. McKenzie's third claim, insofar as it alleges a violation of the Fourteenth Amendment, is **DISMISSED without prejudice**.  It is further

**ORDERED** that Mr. McKenzie's fourth claim, insofar as it alleges a violation of the First, Fourth, Fifth, and Fourteenth Amendments, is **DISMISSED without prejudice.**  It is further

**ORDERED** that Mr. McKenzie's twelfth claim against defendants in their individual capacities is **DISMISSED without prejudice**.  It is further

**ORDERED** that all other claims against defendants City and County of Denver, Denver Health and Hospital Authority, Paul Pazen, and Jessi Campion are **DISMISSED without prejudice**.  It is further

**ORDERED** that Mr. McKenzie's eleventh claim as it is asserted against defendant Ruth Foss in her individual capacity is **DISMISSED without prejudice**.  It is further

**ORDERED** that Mr. McKenzie's fifth claim against defendant Heather Jossi, insofar as it alleges a violation of the Fourteenth Amendment based on failure to intervene, is **DISMISSED without prejudice**.  It is further

**ORDERED** that Mr. McKenzie's eleventh claim brought against defendant Clyde Carmody in his individual capacity is **DISMISSED without prejudice**.  It is further

**ORDERED** that Mr. McKenzie's ninth claim against defendant Blake Bishop, insofar as it alleges battery, is **DISMISSED without prejudice**.  It is further

**ORDERED** that Mr. McKenzie's eleventh claim brought against defendant Christopher Erley in his individual capacity is **DISMISSED without prejudice.**  It is further

**ORDERED** that Mr. McKenzie is granted leave to file an amended complaint that does not seek to revive his claims under the Eighth Amendment, HIPAA, and "42 C.F.R. Part 2," his official capacity claims that are barred by sovereign immunity, or his claims for failure to report or medical negligence on or before **September 14, 2023**.

DATED August 24, 2023.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge