IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 21-cv-00833-PAB-STV

TREVION MCKENZIE,

    Plaintiff,

v.

THE CITY AND COUNTY OF DENVER,
OFFICER CHRISTIAN- P15056,
OFFICER CARMODY- P14064,
DETECTIVE BAUGHMAN,
OFFICER BISHOP- P14067,
OFFICER JOSSI- P07059,
DENVER HEALTH AND HOSPITAL AUTHORITY,
DR. CHRISTOPHER ERLEY,
DR. RUTH K. FOSS,

    Defendants.

---

## ORDER

---

This matter comes before the Court on defendant Trevion McKenzie's uncaptioned letter received by the Court on December 16, 2024 [Docket No. 323], his uncaptioned letter received by the Court on December 26, 2024 [Docket No. 324], Plaintiffs [sic] Motion for Extension of Time to File Notice of Appeal & to File Appeal Pursuant to Fed. R. Civ. P. 60 [Docket No. 325], and Plaintiff's Motion for Copy of Dismissal Order [Docket No. 326]. The Denver defendants[1] filed a response to Docket

---

[1] The "Denver defendants" are the City and County of Denver, Jonathan Christian, Clyde Carmody, Blake Bishop, Heather Jossi, and Matthew Baughman.

No. 325, Docket No. 327, which the Denver Health defendants[2] joined.  Docket No. 328.

Mr. McKenzie filed a reply to Docket No. 325.  Docket No. 329.  The Court has

jurisdiction pursuant to 28 U.S.C. § 1331.

## I. BACKGROUND

This case involves various federal constitutional claims and state tort claims

arising out of the arrest and subsequent medical treatment of Mr. McKenzie.  *See*

*generally* Docket No. 267 at 8-18.  The case has a long history.  The operative

complaint, Docket No. 267, is plaintiff's tenth amended complaint.  *See* Docket Nos. 4,

6, 11, 24, 31, 89, 107, 186, 260, 267.  On May 31, 2023, the assigned magistrate judge

granted Mr. McKenzie's motion seeking appointment of pro bono counsel.  Docket No.

248 at 3.  The magistrate judge's order directed the Clerk of the Court to attempt to

select, notify, and appoint counsel from the Civil Pro Bono Panel to represent Mr.

McKenzie.  *Id.*  The order advised Mr. McKenzie that:

> There is no guarantee that a member of the Civil Pro Bono Panel will undertake representation in this case, and Plaintiff remains responsible for all scheduled matters, including any hearings, depositions and written discovery, motions, and trial, and for complying with the Federal Rules of Civil Procedure and the Local Rules of the Court.

*Id.*  On January 31, 2024, the Clerk identified pro bono counsel, who agreed to consider

entering an appearance.  Docket No. 306 at 1.  The notice of appointment explained

that the attorney would have thirty days either to enter an appearance in the case or to

file a notice declining the appointment.  *Id.* at 2.  The notice of appointment explained

that, "in the interim, Plaintiff is responsible for all other scheduled matters by court order

or operation of the federal courts' rules of procedure, including appearances at hearings

---

[2] The "Denver Health defendants" are Denver Health and Hospital Authority, Dr. Ruth Foss, and Dr. Christopher Erley.

or depositions, and submitting responses to motions, discovery requests, etc." *Id.* At the magistrate judge's request, Docket No. 307, the selected attorney appeared telephonically at a status conference on February 6, 2024, even though the attorney had not yet filed an entry of appearance accepting representation in the case. Docket No. 308 at 1. Mr. McKenzie also appeared at the hearing. *Id.*; *see* also Docket No. 313 at 3. At that hearing, the magistrate judge scheduled a subsequent telephonic status conference to take place on April 9, 2024. Docket No. 308 at 2. On February 12, 2024, mail sent by the Clerk of the Court to Mr. McKenzie at the Denver Sheriff's Department was returned as undeliverable, with a notation stating, "Released: No longer in custody." Docket No. 310 at 1.[3]

On February 26, 2024, pro bono counsel filed a notice declining appointment. Docket No. 311. The notice stated that the attorney was "unable to represent the Plaintiff, Trevion McKenzie, in this matter. I respectfully request the Court consider this filing a withdrawal from any appointment pursuant to U.S. District Court's Pilot Program, as provided for in the Court's 1/31/2024 Notice of Appointment." *Id.* at 1. The notice states that, "[t]his Notice, along with correspondence confirming the same, is being contemporaneously provided to Trevion McKenzie." *Id.*

Mr. McKenzie did not appear at the status conference held on April 9, 2024. Docket No. 312. That same day, the magistrate judge issued an order for Mr. McKenzie to show cause why the case should not be dismissed for failure to prosecute and failure to appear at the April 9, 2024 conference. Docket No. 313 at 5. The order to show

---

[3] Subsequent mail was also returned as undeliverable. *See, e.g.*, Docket Nos. 315, 316, 317, 319, 322.

3

cause cited Mr. McKenzie's previous failures to appear at hearings, to meet case deadlines, and to keep his address updated.  *Id.* at 2.  The order also noted that Mr. McKenzie had, at other points in the case, successfully submitted notices of a change of address.  *See id.* at 1, 3.  The order to show cause, which the Clerk mailed to two possible addresses for Mr. McKenzie, directed Mr. McKenzie to respond by May 1, 2024.  *Id.* at 5.[4]  Mr. McKenzie did not respond to the order to show cause.  On May 20, 2024, the magistrate judge issued a recommendation that the case be dismissed for Mr. McKenzie's failure to prosecute.  Docket No. 318 at 6.  As with the order to show cause, the Clerk mailed the recommendation to two possible addresses for Mr. McKenzie.  The mail sent to Mr. McKenzie's address at the Denver Sheriff's Department was returned as undeliverable, Docket No. 319, but the mail sent to the other address was not returned.  No party objected to the recommendation.  On June 12, 2024, the Court accepted the recommendation and dismissed the case with prejudice.  Docket No. 320 at 2.  On June 13, 2024, the Court entered final judgment and closed the case.  Docket No. 321.

On December 16, 2024, the Court received a letter from Mr. McKenzie.  Docket No. 323.  The letter was dated December 5, 2024, *id.* at 1, and was postmarked December 12, 2024.  *Id.* at 4.  The letter states that Mr. McKenzie is providing a new address and requests that the Court provide him with an update on the status of his case.  *Id.* at 1.  In seeking to explain his failure to participate in the case, Mr. McKenzie

---

[4] Mr. McKenzie's January 25, 2024 notice of address change stated that he was in the "Denver City Jail" and provided two addresses: one associated with the jail and another in Aurora, Colorado.  *See* Docket No. 304 at 1.  The magistrate judge directed that the order to show cause be sent to both addresses.  Docket No. 313 at 5.

4

states that, in February 2024, he left his telephone in his ex-girlfriend's car and, when the selected pro bono attorney called Mr. McKenzie, the ex-girlfriend's brother answered the telephone and pretended to be Mr. McKenzie. *Id.* Mr. McKenzie says that he never got the telephone back. *Id.* Mr. McKenzie states that his email address was hacked and that he could not log into it. *Id.* Mr. McKenzie also states that he contracted Covid-19, which caused issues with his bronchitis and led to walking pneumonia, which "took [him] out for a few months." *Id.* Mr. McKenzie requests the following relief in the letter:

> I also respectfully request that this Honorable court send me any notices and orders that this Honorable court gave from April 2024 to today, so I can file an objection to any of the defendants motions & etc. And finally, I respectfully request that this Honorable court grant me an extension of time to file 1 final amended complaint to cure all deficiencies in my civil action.

*Id.* at 1-2.

On December 26, 2024, the Court received a second letter from Mr. McKenzie, dated December 19, 2024. Docket No. 324 at 1. The body of the letter contains only a single sentence, which states, "[c]omes now, Trevion McKenzie – plaintiff (pro-se) respectfully and in good faith requesting that this Honorable Court issue (grant) him a 'Certificate of appealability' in this matter." *Id.*

On May 12, 2025, the Court received two motions from Mr. McKenzie. Docket Nos. 325, 326. The first motion states that Mr. McKenzie is aware that the Court dismissed his case in June 2024. Docket No. 325 at 1, ¶ 3. The motion states that Mr. McKenzie never received a copy of the dismissal order and only found out about it in December 2024. *Id.*, ¶¶ 4-6. Mr. McKenzie mentions again that he was sick from March through December 2024 and that his health "was not good enough for him to

focus on his non-frivolous complaint." *Id.*, ¶¶ 7-8.  Mr. McKenzie requests that the Court "grant him a reasonable time extension to file both his notice of appeal & appeal pursuant to Fed. R. Civ. P. 60." *Id.* at 1.

The second motion makes similar statements to the other motion and the first letter regarding Mr. McKenzie's health.  Docket No. 326 at 1.  The motion requests that the Court provide Mr. McKenzie with "a copy of the order dismissing this case so that he can file a proper notice of appeal & appeal pursuant to Fed. R. Civ. P. 60." *Id.*

On May 16, 2025, the Denver defendants filed a response to Mr. McKenzie's motion for an extension of time to file a notice of appeal and appeal.  Docket No. 327.  The response argues that Mr. McKenzie's extension request should be denied because it is untimely and because Mr. McKenzie has not demonstrated "excusable neglect" that would justify the untimely nature of the motion.  *Id.* at 1-2.  The response notes that Local Rule 5.1(c) obligated Mr. McKenzie to provide the Court with an updated mailing address and asserts that, because Mr. McKenzie failed to provide an updated address, the fact that he never received the Court's dismissal order is entirely his own fault.  *Id.* at 2-3.  The Denver Health defendants filed a response adopting the arguments of the Denver defendants.  Docket No. 328.  On May 29, 2025, Mr. McKenzie filed a reply.  Docket No. 329.  The reply makes similar statements to Mr. McKenzie's other filings.  *See id.* at 1-3.  The reply attempts to address arguments made in the defendants' responses in two ways.  First, the Court understands Mr. McKenzie to argue that the timeliness of his requests to the Court should be evaluated based on his December 2024 letters, not his May 2025 motions.  *Compare* Docket No. 327 at 1 (Denver defendants arguing that the Mr. McKenzie's request is untimely for being filed eleven

6

months after the June 2024 dismissal of the case) *with* Docket No. 329 at 1, ¶¶ 1-2 (Mr. McKenzie noting that he wrote his first letter to the Court in December 2024 "immediately after plaintiff discovered that this action was dismissed").  Second, apparently in response to the argument that Mr. McKenzie neglected to provide the Court with an updated address, Mr. McKenzie states that sometime between December 12, 2023 and February 2024 he provided the Court with a notice of change of address and that, in the notice, he provided an email address at which the Court could send documents.  Docket No. 329 at 2, ¶ 6.

## II.  ANALYSIS

The Court will divide Mr. McKenzie's requests into three categories and address them in turn.  The first category contains the request for an update on the status of his case, Docket No. 323 at 1, the request for copies of the dismissal order and of all other documents filed between April 2024 and December 2024, *id.*; Docket No. 326 at 1, and the request for an extension of time to file an amended complaint.  Docket No. 323 at 2.  The second category is Mr. McKenzie's request for a "certificate of appealability." Docket No. 324 at 1.  The third category is Mr. McKenzie's request for an extension of time to file his notice of appeal and appeal.  Docket No. 325 at 1.

### A.  Status Update, Copies of Filings, and Extension of Time

The Court will deny as moot Mr. McKenzie's request for an update on the status of the case given that Mr. McKenzie now knows that the Court dismissed this case with prejudice on June 12, 2024, Docket No. 320, and entered final judgment on June 13, 2024.  Docket No. 321.

The Court will deny Mr. McKenzie's request for copies of documents in this case. Local Rule 5.1(c) states, in relevant part, that "Notice of change of name, mailing

7

address, or telephone number of an unrepresented prisoner or party shall be filed not later than five days after the change." D.C.COLO.LCivR 5.1(c).  Mr. McKenzie failed to file a change of address with the Court.  His January 25, 2024 notice of address change stated that he was at the Denver jail.  Docket No. 304 at 1.  However, according to mail that was returned on February 12, 2024 to the Court as undeliverable, Mr. McKenzie had been released from the jail's custody.  Docket No. 310 at 1.  Mr. McKenzie did not file a notice of change of address in the intervening period, nor did he file such a notice again until December 16, 2024.  See Docket No. 323.  Thus, Mr. McKenzie is responsible for the fact that he did not receive copies of court orders.[5]  Moreover, the last pleading the Court received from Mr. McKenzie – dated May 21, 2025 – lists Mr. McKenzie's address as a P.O. Box associated with the Denver Sheriff's Department.  Docket No. 329 at 2.  However, a search for Mr. McKenzie's name in the Denver Sheriff's Department's inmate locator[6] does not return any results, suggesting that Mr. McKenzie has been released from custody and has again failed to notify the Court of an address change.  As such, any effort to send documents to Mr. McKenzie would likely be unsuccessful.  Should Mr. McKenzie wish to obtain copies of documents from this case, he may contact the Clerk of the Court to request a copy of the forms and instructions for requesting copies of documents.  He may then file any requests for copies of documents and pay the associated fees.

---

[5] Mr. McKenzie argues that he provided an email address and should have been able to receive documents at that address.  Docket No. 329 at 2, ¶ 6.  The Court notes, however, that Mr. McKenzie did not register for e-filing status with the Clerk's office, and, as such, would not have been eligible to receive emails notifying him of court filings.

[6] See Denver Sheriff's Department, Inmate Locator, https://denvergov.org/inmatesearch/.

The Court will deny Mr. McKenzie's request for an extension of time to file a "final" amended complaint. *Id.* at 2. After the entry of a judgment dismissing an action, the question of whether to allow an amended pleading is committed to the sound discretion of the court. *See Bowman v. Cnty. of Okla.*, 5 F.3d 545, 1993 WL 375724, at *3 (10th Cir. Sept. 27, 1993) (unpublished table decision) (citing *O'Bryan v. Chandler*, 352 F.2d 987, 990 (10th Cir.1965)). The Court has entered final judgment dismissing this case with prejudice, Docket No. 321 at 1, and thus has discretion as to whether to allow Mr. McKenzie to file an amended pleading. *Bowman*, 1993 WL 375724, at *3. The Court will not permit Mr. McKenzie to file an amended complaint. Mr. McKenzie has already been permitted to file ten complaints in this case. An eleventh complaint is unlikely to remedy the deficiencies in the first ten complaints. Moreover, this case was dismissed, not due to a ruling on the merits of Mr. McKenzie's complaint, but due to his failure to prosecute this case. The Court finds that Mr. McKenzie has not provided an adequate justification for his abandonment of this case and will not allow Mr. McKenzie to reopen this case when he waited roughly six months after dismissal to make his request. Since the Court will not permit Mr. McKenzie to file an amended complaint, it will deny his request for an extension of time to file such a complaint.

### B. Certificate of Appealability

Mr. McKenzie requests that the Court issue him a "certificate of appealability." Docket No. 324 at 1. The term "certificate of appealability" refers to a procedural requirement in habeas corpus litigation. *See Griffin v. Bauby*, 2024 WL 4824745, at * 1 n.1 (10th Cir. Nov. 19, 2024) (unpublished) ("Certificates of Appealability are necessary only for applications for habeas corpus."); *see also* 28 U.S.C. § 2253(c)(1) ("Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken

to the court of appeals from (A) the final order in a habeas corpus proceeding . . . or (B) the final order in a proceeding under [28 U.S.C. § 2255]."). As Mr. McKenzie is not litigating a habeas corpus action, a certificate of appealability is not applicable to this case. The Court will therefore deny the request for a certificate of appealability.

### C. Extension of Time to File Notice of Appeal and Appeal

In a motion dated May 8, 2025, Mr. McKenzie requests an extension of time to file a notice of appeal and appeal. Docket No. 325 at 1. The Court construes the phrase "notice of appeal and appeal," *id.* at 1, to refer only to the notice of appeal. The filing of a notice of appeal "transfers adjudicatory authority from the district court to the court of appeals." *Manrique v. United States*, 581 U.S. 116, 120 (2017). Thus, to the extent that Mr. McKenzie is seeking an extension, not only of the time to file a notice of appeal, but an extension of some later appellate deadline, the Court is without jurisdiction to grant that request. *See Forshey v. Miller*, 2018 WL 11574487, at *2 (N.D.N.Y. Feb. 1, 2018) (finding that a district court is without authority to extend deadlines set by a court of appeals); *see also Taylor v. Carmack*, 2014 WL 12703636, at *2 (N.D. Ga. Aug. 25, 2014).

A notice of appeal "must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." *Wind v. McDonald*, 2025 WL 1521557, at *1 (10th Cir. Jan. 6, 2025) (quoting Fed. R. App. P. 4(a)(1)(A) and citing 28 U.S.C. § 2107). Federal Rule of Appellate Procedure 4(a)(5), entitled "Motion for Extension of Time," provides, in relevant part, that:

> (A) The district court may extend the time to file a notice of appeal if: (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

Fed. R. App. P. 4(a)(5)(A).  The Court entered judgment on June 13, 2024.  Docket No. 321.  Thus, Mr. McKenzie had 30 days – until July 15, 2024 – to file a notice of appeal.  *See Wind*, 2025 WL 1521557, at *1.  Under Rule 4(a)(5)(A), Mr. McKenzie had another 30 days – until August 14, 2024 – to file for an extension of time.  *See* Fed. R. App. P. 4(a)(5)(A).  Mr. McKenzie's request for an extension of time, mailed on May 8, 2025, *see* Docket No. 325 at 2, was thus untimely.

Mr. McKenzie claims he did not find out that the case had been dismissed until December 2024.  *Id.* at 1, ¶ 6.  Federal Rule of Appellate Procedure 4(a)(6) provides a party with the ability to file a motion to reopen the time to file an appeal if the party did not receive timely notice of the district court's order and judgment.  *See Owen v. Keisel*, 2024 WL 4973408, at *2 (10th Cir. Sept. 9, 2024) (unpublished).  Rule 4(a)(6) states that:

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6).  Even if the Court accepts as true Mr. McKenzie's statement that he did not learn of the dismissal until December 2024, Docket No. 325 at 1, ¶ 6, Mr. McKenzie had to file his request to reopen the appeal window on the earlier of 180 days after the entry of judgment or 14 days after receiving notice of the entry of judgment.

11

Fed. R. App. P. 4(a)(6)(B). Judgment entered on June 13, 2024, Docket No. 321, so the date 180 days after the entry of judgment was December 10, 2024. Mr. McKenzie did not file his motion for an extension of time until May 8, 2025, so his motion was untimely. Even if the Court were to construe Mr. McKenzie's December 19, 2024 motion for a certificate of appealability as a motion seeking to reopen the time to file a notice of appeal, that request would still be untimely. The Court will therefore deny Mr. McKenzie's request for an extension of time to file a notice of appeal.[7]

### III. CONCLUSION

It is therefore

**ORDERED** that defendant Trevion McKenzie's letter received by the Court on December 16, 2024 [Docket No. 323], construed as a motion requesting a status update, copies of court filings, and an extension of time to file an amended complaint, is **DENIED**. It is further

---

[7] Because the Court finds that Mr. McKenzie's request for an extension of time is untimely under both Federal Rule of Appellate Procedure 4(a)(5)(A) and Rule 4(a)(6)(B), the Court does not reach the question of whether Mr. McKenzie has met the "excusable neglect or good cause" requirement of Rule 4(a)(5)((A)(ii) or the "no party would be prejudiced" requirement of Rule 4(a)(6)(C). Even if the Court did reach this issue, it would find that he has not shown excusable neglect or good cause. First, Mr. McKenzie provides no substantiation for his illness, such as medical reports or affidavits, showing that his illness was so serious that he could not make simple inquiries about the status of his case. Second, Mr. McKenzie provides no credible explanation for not updating his address or for not receiving court mailings. For example, he does not explain why he did not receive the April 9, 2024 order to show cause or the recommendation to close the case. The copies of those documents that were sent to the Aurora, Colorado address previously provided by Mr. McKenzie, *see* Docket No. 304 at 1, were not returned as undeliverable. Third, plaintiff's story about the brother of his former girlfriend impersonating Mr. McKenzie in a conversation with the selected pro bono attorney is improbable and illogical.

**ORDERED** that defendant Trevion McKenzie's letter received by the Court on December 26, 2024 [Docket No. 324], construed as a motion for a certificate of appealability, is **DENIED**. It is further

**ORDERED** that Plaintiffs [sic] Motion for Extension of Time to File Notice of Appeal & to File Appeal Pursuant to Fed. R. Civ. P. 60 [Docket No. 325] is **DENIED**. It is further

**ORDERED** that Plaintiff's Motion for Copy of Dismissal Order [Docket No. 326] is **DENIED**. It is further

**ORDERED** that the Clerk of the Court shall mail copies of this order to the following addresses: (1) Trevion McKenzie, 1600 Geneva Street, Apartment #106, Aurora, CO 80010; and (2) Trevion McKenzie, #644997, P.O. Box 1108, Denver, CO 80201.

DATED August 25, 2025.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge